**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Sanchez, | No. CV 07-1244-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Motion to Remand (Doc. #8) and Maricopa County, Green, and Adleman's Motion to Dismiss (Doc. #17). The Court now rules on the motions.

**I.   BACKGROUND**

On June 24, 2006, the Phoenix police department responded to a shooting at the Oasis Motel on 1501 West Grand Avenue. Someone had shot and killed Christopher Yates there at approximately 5:09 p.m. The police arrested Plaintiff Christopher Sanchez for the murder. On June 25, 2006, Phoenix police responded to a call regarding a shooting at 2146 East Taylor Street. Someone had shot and killed Anthony Olica at that address around 3:45 a.m. Witness interviews at the scene led officers to suspect Mr. Sanchez for that murder as well.

Maricopa County prosecutors brought two separate grand jury proceedings against Mr. Sanchez for the murders. Prosecutors eventually dismissed, without prejudice, the Oasis Motel murder case against him. Plaintiff filed his Complaint in state court on May 31, 2007.

At that time, Mr. Sanchez remained incarcerated. The City Defendants removed the case to this Court on June 26, 2007 (Doc. #1). The County Defendants answered the Complaint in this Court on the same day (Doc. #2), and filed a Notice of Consent to Removal on July 5, 2007 (Doc. #10).

## II. ANALYSIS AND CONCLUSION

### A. Motion to Remand

Despite including a 42 U.S.C. §1983 claim in his Complaint, Plaintiff has filed a motion to remand this case to state court. Plaintiff concedes that he pleaded a federal cause of action, but argues that the federal cause does not predominate the case. The Court finds this argument unpersuasive. Plaintiff also argues that the County Defendants somehow waived their right to removal. The Court rejects that argument as well.

28 U.S.C. §1441(b) provides that any action over which a federal court would have original federal question jurisdiction may be removed. Count 7 of Plaintiff's Complaint alleges a violation of 42 U.S.C. §1983. Paragraph 85 of the Complaint reads, "This count of this action arises under the United States Constitution, particularly under the provisions of the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States (U.S. Const. Amend. IV, V, VI, XIV), and under federal law, particularly Title 42 of the United States Code, Section 1983 (42 U.S.C.A. §1983)." The Court has original jurisdiction of §1983 claims, *Lee v. City of Beaumont*, 12 F.3d 933, 935 (9th Cir. 1993), and over all claims that arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.

Because the Court has original federal question jurisdiction over the §1983 claim, the Defendants properly removed this case. 28 U.S.C. §1441(a). Under 28 U.S.C. §1367(a), the Court may exercise supplemental jurisdiction over Plaintiff's state law claims. The Court finds no reason to decline to exercise its supplemental jurisdiction, if all Defendants timely removed, because all of the claims derive from the same set of facts and do not involve complex or novel issues of Arizona law.

Even if the Court has jurisdiction over Plaintiff's claims, it must remand if Defendants

have not followed the procedural rules for removal. Plaintiff argues that because the County Defendants answered in state court before the City Defendants removed, Defendants have somehow lost their ability to remove. Plaintiff cites no case law in support of this argument.

Generally, all defendants in an action in a state court must consent to removal. *See United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). A defendant must file its notice of removal within thirty days after the receipt by the defendant of a copy of the complaint. 28 U.S.C.§1446. Plaintiff served the County Defendants on June 6, 2007 and served the City on June 8, 2007. The City Defendants filed their notice of removal on June 26, 2007, and the County Defendants filed notice of Consent to Removal on July 5, 2007. So, whether the Court follows the first-served defendant rule or the last-served defendant rule,[1] the Defendants all timely joined in removing the case.

Because the Court has jurisdiction over this case and because Defendants all timely all timely consented to removal, the Court will deny Plaintiff's Motion to Remand (Doc. #8).

### B. MOTION TO DISMISS

The County Defendants have moved pursuant to Rule 12(b)(6) to dismiss the case against them on two different grounds: 1) the County Defendants have absolute immunity from suit on all claims and 2) Plaintiff failed to file a valid Notice of Claim on the state law claims.

A motion to dismiss for failure to state a claim is disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). Further, the Court must construe the facts alleged in the Complaint in the light most favorable to Plaintiff and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

---

[1] "There is a split of opinion as to whether the time for filing a notice of removal begins to run after the first-served defendant receives the initial pleading or after the last-served defendant receives the initial pleading. The majority of courts apply the 'first-served' rule, which requires that all served defendants must join in a notice of removal no later than 30 days from the day on which the first defendant was served. Some courts have, however, applied a 'last-served' rule, counting the time for seeking removal from service on the last defendant to be served." 29A Fed. Proc., L. Ed. §69:85.

- 3 -

1  234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, Plaintiff must still meet the pleading
2  requirements of Fed.R.Civ.P. 8. Under Fed.R.Civ.P. 8, the complaint must contain, "a short
3  and plain statement of the claim showing that the pleader is entitled to relief." Thus, if the
4  complaint fails to state a theory under which Plaintiff may recover, dismissal under 12(b)(6)
5  is appropriate.

### 1.  Liability of Individual Prosecutors

The well-settled doctrine of common-law immunity for prosecutors dates back to 1896. *Imbler v. Pachtman*, 424 U.S. 409, 421-22 & 424 (1976) (citing *Griffith v. Slinkard*, 44 N.E. 1001 (Ind. 1896)). Courts developed the doctrine for essentially the same public policy reasons underlying immunity for judges. *Id*. at 422-23. As one court has stated:

> The office of public prosecutor is one which must be administered with courage and independence. Yet how can this be if the prosecutor is made subject to suit by those whom he accuses and fails to convict? To allow this would open the way for unlimited harassment and embarrassment of the most conscientious officials by those who would profit thereby. There would be involved in every case the possible consequences of a failure to obtain a conviction. There would always be a question of possible civil action in case the prosecutor saw fit to move dismissal of the case . . . The apprehension of such consequences would tend toward great uneasiness and toward weakening the fearless and impartial policy which should characterize the administration of this office. The work of the prosecutor would thus be impeded, and we would have moved away from the desired objective of stricter a [sic] fairer law enforcement.

*Imbler*, 424 U.S. at 423-24 (quoting *Pearson v. Reed*, 44 P.2d 592, 597 (Cal. Ct. App. 1935)). After analyzing the history of and the reasons behind common-law immunity for prosecutors, the Supreme Court ruled that prosecutorial immunity should also apply to §1983 suits. *Id*. at 424.

But whether a prosecutor has absolute, or only qualified, immunity on a state or §1983 claim depends on a functional analysis. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993); *State v. Superior Court in and for County of Maricopa*, 921 P.2d 697, 700 (Ariz. Ct. App. 1996). In undertaking this analysis, courts disregard the intent, motive, or state of mind of the prosecutor while performing the activity in question. *County of Maricopa*, 921 P.2d at 700.

- 4 -

Prosecutors have absolute immunity for actions taken in a quasi-judicial capacity. *Id*. Prosecutors have only qualified immunity for administrative or investigative acts. 509 U.S. at 273 & 276; 921 P.2d at 700. The party seeking absolute immunity bears the burden of demonstrating that absolute immunity applies to the function in question. *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005).

Absolute immunity attaches to actions "intimately associated with the judicial phase of the criminal process." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003)(quoting *Imbler*, 424 U.S. at 430). Caselaw has fleshed out what actions qualify as "intimately associated with the judicial phase." Absolute immunity extends to "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State . . . Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckely*, 509 U.S. at 273. Prosecutors also have absolute immunity for their decision whether or not to prosecute a case, *Botello*, 413 F.3d at 976; for their professional evaluation of a witness, even if that judgment "is harsh, unfair or clouded by personal animus," *id*.; for their failure to investigate accusations against a defendant before filing charges, *Broam*, 320 F.3d at 1029; for knowingly using false testimony, *id*.; and for withholding exculpatory material before trial, during trial, or after conviction, *id*.

So, whether or not the individual County Defendants have absolute immunity depends on the functions they performed with regard to Plaintiff's criminal cases. Plaintiff has alleged that Mr. Green and Mr. Adleman, the County prosecutors, violated his rights and acted at least negligently by deciding to charge the two murders separately, by failing to drop the remaining murder case even though there was no "probable conviction," by failing to acknowledge receipt of a letter purportedly containing exculpatory evidence and failing to investigate based on the letter, and by failing to present exculpatory evidence at the grand jury proceedings. In their Motion to Dismiss (Doc. #17), the County Defendants argue that absolute immunity covers all those actions.

1   In his response (Doc. #20), Plaintiff does not argue that the particular actions taken by the prosecutors do not qualify as "intimately associated with the judicial phase" of the criminal process and therefore absolutely immune. Instead, Plaintiff argues that the County Defendants would not have absolute immunity for any actions because Arizona's immunity statute, A.R.S. §12-820.01, does not specifically list prosecutors as immune government actors. But Plaintiff cites no case holding that common law prosecutorial immunity did not survive the codification of some immunities at A.R.S. §12-820.01. In fact, since the 1984 enactment of the immunity statute, Arizona courts have afforded absolute immunity to prosecutors for their quasi-judicial activities. *See, e.g., Superior Court in and for County of Maricopa*, 921 P.2d at 700. The Court finds that common-law prosecutorial immunity survived the enactment of A.R.S. §12-820.01.

The Court holds that the individual prosecutors have absolute immunity for all the actions allegedly taken in Plaintiff's criminal cases. *See, e.g., Buckely*, 509 U.S. at 273 (absolute immunity for presentation of evidence to the grand jury); *Botello*, 413 F.3d at 976 (absolute immunity for decisions regarding charging a case and for evaluation of witnesses); *Broam*, 320 F.3d at 1029 (absolute immunity for failure to investigate accusations against a defendant before filing charges, for knowingly using false testimony, and for withholding exculpatory material before trial, during trial, or after conviction). The prosecutors acted at all times in their quasi-judicial capacity. The Court therefore grants the County Defendants' Motion to Dismiss with regard to Mr. Adleman and Mr. Green.

**2. Liability of the County**

Respondent superior is the only basis alleged by Plaintiff for the County's liability. The County's liability therefore depends on the underlying liability of the individual prosecutors. Because the Court found that the individual prosecutors are absolutely immune, the County has no liability on the state claims. *Mulligan v. Grace*, 666 P.2d 1092, 1094 (Ariz. Ct. App. 1983) (affirming dismissal of claims against government employers because the prosecutor had absolute immunity).

- 6 -

1  The County cannot be held liable for a §1983 claim under a theory of respondeat
2  superior. *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002). To hold the
3  County liable, the Plaintiff must allege that the County had a policy or custom that deprived
4  Plaintiff of his constitutional rights. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S.
5  658, 694 (1978). Plaintiff has not done so. The Court therefore grants County Defendants'
6  Motion to Dismiss with regard to Maricopa County.

7  Because the Court has decided the County Defendants' motion on absolute immunity
8  grounds, it will not reach their Notice of Claim arguments.

9  Accordingly,

10  IT IS ORDERED DENYING the Plaintiff's Motion to Remand (Doc. # 8).

11  IT IS ORDERED GRANTING the County Defendants' Motion to Dismiss (Doc. #17).

12  DATED this 2nd day of October, 2007.

James A. Teilborg
United States District Judge